UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SRS DISTRIBUTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> EASTSIDE ROOFING, INC. and TIFFANY ANDERSON, <br><br> Defendants. | CASE NO. C25-490 MJP <br><br> ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff's Motion for Default Judgment. (Dkt. No. 19.) Having reviewed the Motion and all supporting materials, the Court GRANTS the Motion and ENTERS DEFAULT JUDGMENT against Defendants.

**BACKGROUND**

Plaintiff SRS Distribution d/b/a Stoneway Roofing Supply and CB Wholesale Burlington ("Stoneway") provides contractors and homeowners with roofing materials. (Complaint ¶ 3.1 (Dkt. No. 1).) Stoneway alleges that it has supplied $195,906.23 in roofing materials to

Defendant Eastside Roofing, Inc., for which Eastside has not remitted payment. (Id. ¶¶ 3.3-3.8.) Stoneway alleges that Defendant Tiffany Anderson signed a Credit Application and Agreement with Stoneway, as well as a Personal Guarantee with Stoneway on behalf of Eastside. (Id. ¶¶ 3.3-3.4.) Stoneway brings four claims: (1) breach of contract against Eastside; (2) breach of personal guarantee against Anderson; (3) quantum meruit against both Defendants; and (4) accounts stated against both Defendants. (Id. ¶¶ 4.1-7.7.)

Stoneway now seeks entry of default judgment on all four claims against Defendants, asking for an award of $195,906.23 in damages, with pre-judgment interest totaling $32,268.17 and an award of post-judgment interest. (Mot. at 8-9.) Although Stoneway seeks reimbursement for its attorneys' fees and costs, it has not sought a specific sum, and instead suggests that "SRS will produce documentation and declaration supporting its attorneys' fees, costs, and disbursements upon the Court's request." (Id. ¶ 10.)

**ANALYSIS**

**A.    Jurisdiction**

Before assessing the merits of the Motion for Default Judgment, the Court assesses whether Stoneway has adequately alleged subject matter jurisdiction. Stoneway asserts that the Court has diversity jurisdiction over this matter, see 28 U.S.C. § 1332(a)(1), and the Court agrees. Stoneway is incorporated in Delaware with its principal place of business in Texas. (Compl. ¶ 1.1.) Eastside is incorporated in Washington and is alleged to have its principal place of business in Washington. (Id. ¶ 1.2.) Anderson is also alleged to be a resident of Washington. (Id. ¶ 1.3.) Given the complete diversity of the parties and an amount in controversy exceeding $75,000, the Court finds it has subject matter jurisdiction.

**B.      Legal Standard**

The Court has discretion to enter default judgment. Fed. R. Civ. P. 55(b); see Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). "Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In performing this analysis, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true." Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) (quotation and citation omitted). And "[t]he district court is not required to make detailed findings of fact." Id.

**C.      Eitel Factors Favor Default Judgment**

The Court reviews the Eitel factors to assess whether default judgment should be entered and in what specific amounts. On balance, the seven Eitel factors weigh in favor of entry of default judgment in Stoneway's favor.

   **1.      Factor One: Prejudice to Stoneway**

Without entry of default judgment Stoneway will be prejudiced. Stoneway has attempted to litigate this case and vindicate its rights under state law against Defendants. But Defendants have failed to appear or participate in this litigation despite being served. (See Dkt. Nos. 12-13.) Stoneway faces prejudice by not being able to obtain complete relief on its claims against Defendants without entry of default judgment. This factor weighs in favor of granting default judgment.

### 2. Factors Two and Three: Merits of Stoneway's Claims and Sufficiency of the Complaint

Stoneway has demonstrated the merit of its claims and the sufficiency of the Complaint.

First, Stoneway has alleged valid breach of contract and breach of guarantee claims. To prevail on these claims, Stoneway must show the breach of a valid contract and damages proximately caused by the breach. Nw. Indep. Forest Mfrs. v. Dep't of Lab. & Indus., 78 Wn. App. 707, 712 (1995). According to the Complaint, Stoneway and Eastside entered into a contract through which Eastside was able to purchase roofing materials from Stoneway in exchange for payment. (Compl. ¶ 3.3, 3.5.) To assist in the transaction, Anderson signed the personal guarantee. (Id. ¶ 3.4.) These agreements formed enforceable contracts, and Stoneway alleged a breach of both agreements and resulting damages. (Id. ¶¶ 3.7-3.9.)

Second, Stoneway has alleged a valid quantum meruit claim, though the claim is pleaded in the alternative to the contractual claims. The "[e]ssential elements of recovery under quantum meruit are: (1) valuable services were rendered or materials furnished, (2) for person sought to be charged, (3) which services and materials were accepted by person sought to be charged, used and enjoyed by him, and (4) under such circumstances as reasonably notified person sought to be charged that plaintiff, in performing such services was expected to be paid by person sought to be charged." Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc., 61 Wn. App. 151, 159, amended sub nom. Bailie Commc'ns, Ltd v. Trend Bus. Sys., Inc., 814 P.2d 699 (Wash. Ct. App. 1991). Stoneway has sufficiently alleged that Defendants obtained roofing materials for which payment was expected and due, and that payment was not made. The allegations suffice to state a claim.

Third, Stoneway has sufficiently alleged an account stated claim. This requires written evidence of a statement of an account balance and some evidence of mutual assent that the amount stated is the final balance to date. Parrot Mechanical, Inc. v. Rude, 118 Wn. App. 859,

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT - 4

861 (2003). Assent may be implied from failure to object within a reasonable amount of time. <u>Id.</u> at 865. Here, Stoneway has sufficiently alleged that it remitted invoices to Defendants showing a balance due for materials provided, to which Defendants assented by accepting the materials and not objecting to the invoiced sums. The claim is sufficiently pleaded.

        3.      **Factor Four: Sum of Money at Stake**

Stoneway have identified an unpaid balance of $195,906.23 due for roofing materials delivered to Eastside. It has also identified $32,268.17 in pre-judgment interest due from April 1, 2024 to the date of filing of this Motion, August 15, 2025. These are based on a 12% per annum calculation consistent with Washington law. <u>See</u> RCW 19.52.010, -.020. Given the large size of the damages and pre-judgment interest, this factor weighs in favor of default judgment.

        4.      **Factor Five: Possibility of Dispute of Material Facts**

The Court finds little possibility that the core, material facts are in dispute. Not only have Defendants failed to appear in this action, but Stoneway has provided evidence in support of its claims that is likely difficult to be rebutted. This factor favors entry of default judgment.

        5.      **Factor Six: Whether Default is Due to Excusable Neglect**

There is no evidence that Defendants' failure to appear is due to excusable neglect. This factor favors entry of default judgment.

        6.      **Factor Seven: Strong Policy in Favor of Decision on the Merits**

The Court maintains a strong policy preference in favor of resolution of Stoneway's claims on the merits. But Defendants' decision not to appear in this case vitiates against this policy. This factor weighs in favor of entry of default judgment.

## CONCLUSION

The Court finds that entry of default judgment in Stoneway's favor is proper and GRANTS the Motion. The Court directs entry of judgment against Defendants, jointly and severally, in the amount of $195,906.23 in damages and $32,268.17 in pre-judgment interest. Post-judgment interest is also properly awarded under 28 U.S.C. § 1961. And while Stoneway has sought attorneys' fees and costs to which it is entitled, see RCW 4.84.010, -.030, it has failed to provide any evidence of the amount sought. As such, the Court does not include any award of attorneys' fees and costs, and declines Stoneway's invitation to "request" documentation that should have been presented by Stoneway with its Motion. The Court's denial of fees and costs is without prejudice to a renewed request.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 20, 2025.

Marsha J. Pechman
United States Senior District Judge